IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

Assigned on Briefs December 11, 2019

**STATE OF TENNESSEE v. JOHN ANTHONY MEYER, III**

**Direct Appeal from the Criminal Court for Sumner County**
**No. 693-2017       Dee David Gay, Judge**

**No. M2019-00190-CCA-R3-CD**

Pursuant to a plea agreement, the Defendant, John Anthony Meyer, III, pleaded guilty to theft of property valued at $1,000 or less, in exchange for the dismissal of his remaining indicted counts and an agreed sentence of eleven months twenty-nine days of incarceration. Then Defendant subsequently filed a *pro se* motion to "modify/vacate sentence," specifically asking the trial court to "vacate the part of his sentence ordering the forfieture [sic] of $8,000.00 because it was not part of his plea agreement." The trial court correctly ruled that it was without jurisdiction to hear the motion because the motion was filed more than 30 days after the judgment of conviction became final and, in the interim, the Defendant had filed a notice of appeal with this court. After a thorough review of the record and applicable law, we choose to treat the Defendant's motion as a timely petition for post-conviction relief, and we remand the case to the trial court for further proceedings consistent with the Tennessee Post-Conviction Procedure Act. T. C. A. § 40-30-101, *et seq.*

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Remanded**

ROBERT W. WEDEMEYER, J., delivered the opinion of the Court, in which ROBERT L. HOLLOWAY, JR. and TIMOTHY L. EASTER, JJ., joined.

Lee W. McDougal, Gallatin, Tennessee, for the appellant, John Anthony Meyer, III.

Robert E. Cooper, Jr., Attorney General and Reporter; Benjamin A. Ball, Senior Assistant Attorney General; L. Ray Whitley, District Attorney General, and C. Ronald Blanton, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

## I. Facts
## A. Guilty Plea

This case arises from the Defendant's theft of merchandise from a Walmart store.   A Sumner County grand jury indicted the Defendant for one count of theft of property valued at more than $10,000 and two counts of theft of property valued at $1,000 or less.   On May 17, 2018, at the guilty plea submission hearing, the State provided the following facts as a basis for acceptance of the negotiated guilty plea:

> [O]n March 12, 2017, at the Hendersonville Walmart . . . [the Defendant] was on video removing TurboTax software from that facility [valued at] less than $1,000.   This was part of . . . an overall scheme to take TurboTax.   When [the Defendant] was arrested, there was over $10,000 worth of TurboTax software located in the vehicle he was driving at the time, and that was confiscated and returned back to Walmart.

Pursuant to a plea agreement, the Defendant pleaded guilty to theft of property valued at less than $1,000, a Class A misdemeanor, with the remaining counts dismissed.   The Defendant agreed to serve an eleven month and twenty-nine day sentence at 75% in confinement.

During the plea hearing, the Defendant testified that he understood the plea agreement and that the agreement included a sentence of confinement.   The Defendant confirmed that he agreed to serve the sentence and that he had waived his right to a trial by jury.   No mention of the forfeiture of cash was made during the hearing.   The judgment form, entered on the day of the hearing, listed the following special condition: "Forfeit seized $8,000 to the Gallatin Police Department."

## B. Motion to "Modify/Vacate Sentence"

On January 28, 2019, the Defendant filed a *pro se* motion to "modify/vacate sentence," specifically the special condition of his sentence requiring him to forfeit $8,000 cash to the Gallatin Police Department.   In his motion, the Defendant contended that this condition was not part of his plea agreement and that there was no mention made of the condition during the guilty plea hearing.[1]   He also filed an "Affidavit of Facts," stating that he did not agree to the forfeiture as part of his plea agreement.

On January 30, 2019, before the trial court ruled on his motion, the Defendant filed

---

[1] The Defendant also filed a petition for writ of habeas corpus on that date.   As he has completed his jail sentence at this time, he concedes in his brief that this issue is now moot.

an appeal with this court, asking for a waiver of the timeliness requirement of T.R.A.P. 4. This court responded in an order, filed February 1, 2019, that the Defendant was not entitled to an appeal as of right from his guilty plea; however, this court noted that the Defendant had failed to include a copy of his plea agreement in the record on appeal. This court stated: "Without the benefit of reviewing the written plea agreement, this court cannot adequately determine whether the . . . forfeiture condition was agreed upon and, thus, not subject to appeal." This court directed the Defendant to provide a copy of the plea agreement and reserved a ruling on the Defendant's motion. The Defendant filed a supplemental record on February 5, 2019, containing "the court's copy" of the petition for acceptance of the plea and "the Defendant's copy" of the petition, as well as the judgment. The Defendant also requested a copy of the transcript from the guilty plea submission hearing.

In the interim, on February 6, 2019, the trial court appointed an attorney to represent the Defendant and denied the Defendant's motion without a hearing on the grounds that, as the Defendant had pleaded guilty, the trial court no longer had jurisdiction. It is from this judgment that the Defendant now appeals by way of a second notice of appeal filed February 28, 2019. Following the Defendant's filing, this court issued an order stating that it concluded that waiver of the timeliness requirement as to the notice of appeal was in the interest of justice and appropriate in this case.

## II. Analysis

On appeal, the Defendant argues that his guilty plea was not knowingly and voluntarily entered because the forfeiture of cash condition was not mentioned at the plea hearing and was not included in the plea petition provided to him. He concedes that the trial court's copy of the petition contains the forfeiture condition, as does the judgment form; however the Defendant states that the forfeiture condition was added after the plea hearing, amounting to a breach of the plea agreement. He contends that where, as in the present case, there is a discrepancy between the judgment form and a transcript of the proceedings, the transcript controls and establishes the "actual agreement" between himself and the State. He contends that he is entitled to "specific performance" of the agreement reached at the guilty plea hearing. The State responds that this court should dismiss this appeal because the Defendant waived his right to appeal by entering into the fully negotiated plea agreement which included the forfeiture of cash condition. The State further contends that, as the Defendant filed his appeal before the trial court had an opportunity to rule on his motion, the trial court ultimately lacked the jurisdiction to consider his claims.

After a careful review of the record, we deem the Defendant's "Motion to Modify/Vacate" to be a timely petition for post-conviction relief. Accordingly, we

3

conclude that the appropriate remedy is to remand this case to the trial court for further proceedings consistent with the Tennessee Post-Conviction Procedure Act.  T. C. A. § 40-30-101, *et seq*.

### III. Conclusion

After a thorough review of the record and relevant authorities, we remand this matter to the trial court for further proceedings in accordance with this opinion.

_____
ROBERT W. WEDEMEYER, JUDGE